UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KANAPATHIPPILLAI THAYAPARAN,

    Petitioner,

v.                                              Case No.  2:16-cv-197
                                                 HON.  GORDON J. QUIST
LORETTA LYNCH, et al.,

    Respondents.
_____/

REPORT AND RECOMMENDATION

Petitioner Kanapathippillai Thayaparan filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 for his release from the custody of the Department of Homeland Security, United States Immigrations and Customs Enforcement (ICE).  Petitioner is a citizen of Sri Lanka. Petitioner was taken into immigration custody on September 3, 2015.  Petitioner was charged with being an immigrant without a visa.  On April 13, 2016, an immigration judge ordered Petitioner removed from the United States to Sri Lanka.  On October 5, 2016, the Board of Immigration Appeals dismissed Petitioner's appeal.  This dismissal was a final order of removal.  ICE requested travel documents from the Embassy of Sri Lanka on October 18, 2016.

Petitioner filed his petition on August 29, 2016, arguing that he is being held in violation of his due process rights and asserting a statutory violation that his continued detention is unlawful.  Respondents argue that the petition was filed prematurely before the final order of his removal had been entered and before the ninety day period expired after the date of the final order of removal.  8 U.S.C. § 1231(a)(1) and (2).  Further, Respondents argue that Petitioner cannot show that there is no significant likelihood of his removal in the foreseeable future.

Petitioner argues that his indefinite detention is unlawful. Pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), six months is the presumptively reasonable period during which the ICE may detain aliens in order to effectuate their removal. Petitioner claims that his continued detention is unlawful and that he is entitled to release from custody pursuant to § 2241. An alien's detention pending removal from the United States is governed by Section 241(a) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(a). The law provides that when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days. 28 U.S.C. § 1231(a)(1)(A). During the removal period, the alien must be detained. 28 U.S.C. § 1231(a)(2). If the alien has not been removed within the 90 day period, the alien shall be subject to supervision under regulations prescribed by the Attorney General. 28 U.S.C. § 1231(a)(3). However, the statute provides that an alien who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period. 28 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, the United States Supreme Court addressed the legality of post-order detention in the cases of two aliens previously admitted to lawful permanent resident status, but subsequently ordered deported. *Id.*, 533 U.S. at 684. The Court held that the "presumptively reasonable period of detention" in such cases was six months. *Id.* at 701. The Court stated that "[a]fter this six month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing." *Id.* The Court further noted that for the detention to remain reasonable, as the period of prior post removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* Finally, the

Court held that not every alien must be released after six months, and that an alien may be confined until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.*

In *Ly v. Hansen*, 351 F.3d 263 (6th Cir. 2004), the Sixth Circuit held that removable aliens may be detained for a time reasonably required to complete removal proceedings in a timely manner. *Id.* at 268. Should the process take an unreasonably long time, the detainee may seek relief in habeas proceedings. *Id.;Habtegaber v. Jennifer*, 256 F. Supp. 2d 692, 696 (E.D. Mich. 2003). The post-order custody of deportable aliens such as Petitioner is reviewed under the procedures set forth at 8 C.F.R. §§ 241.4 and 241.13. The court notes that § 241.13 establishes procedures to determine whether there is a significant likelihood that an alien will be removed from the United States in the foreseeable future.

Respondent contends that Petitioner has not met his burden of showing that there is no significant likelihood of his removal from the United States within the foreseeable future. The aliens in *Zadvydas* could not be deported because one was from Cambodia, a country with which the United States has no repatriation agreement, and the other was born in a refugee camp, so was not a citizen of any country. *Id.* at 684, 686. Petitioner filed this petition before the final order of his removal was entered. Further, it is Petitioner's initial burden to show that there is "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, at 701. Petitioner has the burden of providing this court with a good reason to believe that no such likelihood of his removal exists. *Id.* Once Petitioner has met this burden, the government must respond with evidence sufficient to rebut that showing. *Id.*

Petitioner has not provided the court with any evidence that could support a "good reason to believe" that his removal is unlikely in the reasonable foreseeable future. Petitioner's sole reason for his habeas request is that his continued detention beyond a six month period is unlawful. Petitioner has not been detained for a period exceeding six months since the final order of his removal was entered. Here, unlike in *Zadvydas* there exists no institutional barrier to Petitioner's removal. This is not the situation presented in *Zadvydas* which involved two aliens with criminal records and the potential of permanent confinement. Neither of the aliens in *Zadvydas* could be repatriated to their native countries.

Petitioner has presented no evidence that could support a conclusion that his removal is unlikely in the reasonably foreseeable future. Instead, the government has established that Petitioner's removal is likely in the foreseeable future. There are no institutional barriers to removal. ICE has successfully removed individuals to Sri Lanka in the past, and Petitioner has set forth no reason to believe that his removal will be unsuccessful in this case.

Accordingly, it is recommended that the petition be dismissed.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: February 14, 2017           */s/ Timothy P. Greeley*
                                    TIMOTHY P. GREELEY
                                    UNITED STATES MAGISTRATE JUDGE